UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEARKA DEWAUN SWIFT,

        Petitioner,         Case No. 2:14-cv-6

v.        Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner presently is incarcerated at the Chippewa Correctional Facility. Following a jury trial in the Calhoun County Circuit Court, Petitioner was convicted of driving under the influence of a controlled substance causing death, MICH. COMP. LAWS § 257.625(4), and manslaughter with a motor vehicle, MICH. COMP. LAWS § 750.321(e). On June 2, 2006, Petitioner was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 142 to 270 months for each conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals and Michigan Supreme Court. On October 18, 2007, the Michigan Court of Appeals affirmed Petitioner's convictions. On February 6, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed.

On October 28, 2011, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied Petitioner's motion on November 14, 2011. Petitioner then sought leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. On July 3, 2013 and November 25, 2013, the Michigan Court of Appeals and Michigan Supreme Court, respectively, both denied Petitioner's applications for leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

In his application for habeas corpus relief, Petitioner raises the following four grounds:

I. [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN TESTIMONY AND [EVIDENCE] OF A METABOLITE-11 COOH-THC WAS ADMITTED.

II. [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHERE DEFENSE COUNSEL FAILED TO INVESTIGATE AND SECURE THE PRESENCE OF CRITICAL

DEFENSE WITNESSES, [AND] ALLOW[ED] [PETITIONER] TO TESTIFY ON HIS OWN BEHALF, AND PRESENTED A LACK OF DEFENSE.

III. [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE [PROCESS] WHEN [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

IV. [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN [PETITIONER] WAS DENIED [THE] EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(Pet., docket #1, Page ID##6, 8, 10, 12.)

Petitioner filed the instant habeas petition on or about December 18, 2013.[1]

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 18, 2013, and it was received by the Court on January 9, 2014. Thus, it must have been handed to prison officials for mailing at some time between December 18 and January 9. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 6, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 6, 2008.

Petitioner had one year from May 6, 2008, or until May 6, 2009, to file his habeas application. Petitioner filed on December 18, 2013. Obviously, absent tolling, Petitioner filed long after the one-year grace period expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2009, his collateral motion filed in 2011 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In his application for habeas corpus relief and his motion and brief for equitable tolling (docket ##3, 4), Petitioner argues that he is entitled to equitable tolling because (1) Petitioner did not receive any notice that he had to file a habeas corpus petition within the one-year statute of limitations, (2) Petitioner did not have any legal education or training, and (3) Petitioner did not know the factual predicate of his claim during his direct appeal. Petitioner claims that he diligently pursued his rights by filing a motion for relief from judgment once he learned that 11-carboxy-THC, a controlled substance integral to his 2006 conviction for driving under the influence of a controlled substance causing death, MICH. COMP. LAWS § 257.625(4), was found by the Michigan Supreme Court not to be a drug in 2010. *See People v. Feezel,* 783 N.W.2d 67, 83, 86 (Mich. 2010).

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Further, Petitioner argues that the Michigan Supreme Court's decision in *Feezel*, 783 N.W.2d 67, amounted to a change in the factual predicate of his claim under § 2244(d)(1)(D). In *Feezel*, 783 N.W.2d 67, the Michigan Supreme Court overruled *People v. Derror*, 715 N.W.2d 822, 836 (Mich. 2006), in part, by finding that 11-carboxy-THC, a metabolite of THC, the active ingredient of marijuana, was not a schedule 1 controlled substance, and, therefore, cannot support a conviction for driving while under the influence of marijuana in violation of MICH. COMP. LAWS § 257.625(8). *Id.* Petitioner argues that the change in law alters his conviction for driving under the influence of a controlled substance causing death, MICH. COMP. LAWS § 257.625(4). The Michigan

Supreme Court's decision in *Feezel*, 783 N.W.2d 67, was issued on June 8, 2010. Even if the Court equitably tolled the statute of limitations until the factual predicate of Petitioner's claim could have been discovered on June 8, 2010, *see* 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one-year later, or on June 8, 2011. Petitioner, however, did not file his motion for relief from judgment until October 28, 2011, after the statute of limitations expired. *See Payton*, 256 F.3d at 408 (collateral petitions can no longer serve to avoid a statute of limitations after the limitations period expired). Moreover, Petitioner did not file his application for habeas corpus relief until December 18, 2013, over two years after the statute of limitations expired. Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual

innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend the Petitioner's motion for equitable tolling (docket #3) be denied. I also recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 14, 2014

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).